Benjamin Blanchard
3201 Anata Dr
Zephyrhills, FL 33541
bennyblanch@protonmail.com

## UNITED STATES DISTRICT COURT
## OF WASHINGTON
## WESTERN DIVISION

**BENJAMIN BLANCHARD,**
*Petitioner and Next Friend,*

**KURT BENSHOOF,**                **THE GREAT WRIT, HABEUS CORPUS**
*Prisoner*                        FILED AS A NEXT FRIEND

Case. 2:24-mc-43-JNW

### MOTION FOR JUDICIAL DISQUALIFICATION
### EN BANC,
ALL JUDGES OF WESTERN DISTRICT OF WASHINGTON
IN REGARDS TO THE WRIT OF HABEAS FOR KURT BENSHOOF,
PER 28 USC 455 & 144 WITH AFFIDAVIT IN SUPPORT
AND REQUEST FOR ASSIGNED JUDGE PRO TEM

Petitioner and Next Friend, BENJAMIN BLANCHARD comes before the Court with this Motion within the Writ of Habeas Corpus for KURT BENSHOOF, signed containing facts sworn under Perjury as an internal Affidavit, to move for disqualification and recusal *en banc,* all Western District Judges that have been involved with any of Benshoof's proceedings within the Washington District, with particular focus on Judge Jamal Whitehead.

> "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always

1

endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered. This Court has said, however, that 'Every procedure which would offer a possible temptation to the average man as a judge * * * not to hold the balance nice, clear, and true between the State and the accused denies the latter due process of law.' Tumey v. State of Ohio, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749. Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice. **Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13. Murchison, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942**

## HISTORY OF PROCEEDINGS BETWEEN WESTERN DISTRICT COURT JUDGES AND BENSHOOF

**1.** Petitioner Blanchard appears before the Court within the Writ of Habeas Corpus to immediately move for Judicial Disqualification of Judge Jamal Whitehead, and *en banc* recusal of any other Western District Judges that have previously adjucated Benshoof's cases.

**2.** Petitioner vigorously OBJECTS to a Judge with a clear personal bias against Benshoof, being assigned to this already DELAYED Writ of Habeas Corpus!

**3.** Petitioner intentionally filed this Writ of Habeas, as a Next Friend, into the Eastern District Court of Washington, in effort to gain a *de Novo* viewing of the entire multi-level of Court Dockets (Municipal to Federal) and imprisonment of Benshoof, which lacks Due Process, and because Benshoof has been denied the Right to draft his own Writ of Habeas while languishing in municipal jail.

> "In the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the

> Sixth Amendment *813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel . . ..' The right is currently codified in 28 U.S.C. s 1654."
> **Faretta v. California, 422 U.S. 806, 812–1**3

4.　Petitioner would NOT be appearing before the Washington District Courts all the way from Florida, if the exemplary and capable Prisoner Benshoof was able to write his own writ of Habeas Corpus.

TRAIL OF PAPERWORK AND DISREGARD OF INALIENABLE RIGHTS

5.　This Great Writ of Habeas filed as Next Friend into Eastern Washington District Court, instead of being granted, was transferred to Western Washington District Court (WWDC) where Benshoof is treated as *persona non grata.*

6.　This animosity is noticeable in off hand comments from the Clerks who refused to identify themselves, evidencing shoddy treatment towards Benshoof's Inalienable Rights, during phone calls made by Howard Brown, to support Blanchard's efforts "calling" <u>because of his hearing disability</u>, in addressing the Court Clerks. Mr. Brown will testify to such comments as, "*Mr. Benshoof files a lot of things here, he'll have to file it himself*" and provide an Affidavit if needed evidencing the lack of impartiality concerning the Writ of Habeas.

7.　In effort to protect these Inalienable Rights against Administrative Injustice applied at the Municipal Court level, and with leave from its court, Benshoof has filed several petitions into the WWDC, which have been presided over by the following

known Judges:   Jamal Whitehead (2:23-cv-1392-JMW,**)** Henry Chun (2:24-cv-00808-JHC,) and Lauren King, (2:24-cv-00808-LK,) and potentially other Judges on the Bench.

**8.**     Many of Benshoof's opportunities and Right to an Article III Court have been noticeably chilled in the effort to protect his Rights as the Father of his son.

**9.**     There is a history of denying every one of Benshoof's petitioned TRO's reflecting this entire situation, filed into WWDC, with the most recent 440 page  TRO being denied by Judge Chun (2:24-cv-00808-JHC,) on 7/12/2024.

**10.**     Benshoof has even filed into the 9th Circuit Appellate Court and the United States Supreme Court seeking remedy for his rights being violated, to no avail.

**11.**     Benshoof has previously filed Writs of Habeas Corpus in the Court of King County of Washington, (KCW) seeking remedy to no avail, which was reviewed and denied by Judge Marshal Fergson **(**22-2-15958-8.**)**

**12.**     Benshoof has sought Writs of Prohibition in the SCSW, also denied by Judge Mark A. Larrañaga (23-2-23764-1SEA)

### INTERNAL AFFIDAVIT OF FACTS FOR  JUDICIAL DISQUALIFICATION DUE TO IMPARTIALITY OF JUDGE WHITEHEAD PER 28 USC 455 &144

§ 144 - Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

§ 455 (a) Any justice, judge, or magistrate judge of the United States **shall disqualify** himself in any proceeding in which his **impartiality might reasonably be questioned.**

§ 455 (b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a **personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;**

13. There is a ripe and well documented history of contention between Benshoof and Whitehead in Case 2:23-cv-1392-JMW.

> As a matter of due process, a judge who fails the "appearance of impartiality" test may not sit as the judge in the case. In this case, when a pretrial ruling concerning the appointment of additional counsel was appealed, the judge appeared as a nominal party in the appellate court but actually filed a pleading, urging that the ruling was proper and that the simplicity of the case (implying that the evidence of guilt was overwhelming) justified the decision to deny the appointment of two lawyers in this death penalty case. That pleading also questioned the ability of the lawyer who was representing the defendant. The Ninth Circuit held that the state trial judge's participation in the appeal may have rendered her too biased to participate in the death penalty proceedings that ensued in the trial court. A remand for a full evidentiary hearing on the state judge's impartiality was required.
> ***United States v. Paul*, 561 F.3d 970 (9th Cir. 2009)**

14. Benshoof has filed a civil case **<u>against</u>** Jamal Whitehead, for ADMINISTRATIVELY refusing to issue summons for a Federal Case Benshoof filed, which concerned his Inalienable Rights as a Father: see Docket: **2:24-cv-00808-TLF.**

15. Petitioner has public documentation of and reason to believe that there is nepotism, barratry, impartiality, as well as personal bias and prejudice from Judge Whitehead against Benshoof.

> The Seventh Circuit, for example, remanded a habeas case directing the judge to whom the case had been reassigned to pro- vide the petitioner the opportunity to challenge the dismissal of four counts by the previously assigned district judge. That judge had ruled on the habeas petition without realizing that he, as a state court judge years earlier, had been on the panel whose decision was now challenged.
> **Russell v. Lane, 890 F.2d 947 (7th Cir. 1989)**

16. It is well established that there is a relationship between Attorney Durkan, Defense Attorney Julie Kline in Benshoof's Municipal Cases, and Judge Whitehead,

which created said situation ripe with Nepotism, as Whitehead appears to be running cover for Durkan and Kline, while remaining on the bench without impartiality.

    1). In 2014, Durkan was U.S. District Attorney for Western Washington when Whitehead was an Assistant U.S. Attorney for the Western District of Washington;

    2) Durkan was one of the six members of the "Selection Committee" (set up by WA Senators Cantwell and Murray) which voted for Whitehead to be nominated to the federal judiciary;

    3). Durkan's senior advisor and interim general counsel in 2019-2020 was attorney Julie Kline.

    4). In Spring of 2022, *Julie Kline* joined the private law firm that Whitehead was practicing at: Schroeter, Goldmark & Bender (SGB);

    5). Whitehead was still a practicing attorney at SGB in Spring of 2022 with Julie Kline, and wasn't confirmed by the Senate until February 28, 2023;

    6). Whitehead became a shareholder of SGB in 2018, and still is.

**17.** Judge Whitehead has continued to demonstrate the inability to be a neutral and impartial Judge, when he ordered the Court Clerks to refuse to issue Summons as required per FRCP 4(b) for Administrative reasons, in regards to Benshoof's complaint properly filed in WWDC.

**18.** Each WWDC Judge that Benshoof has interacted with, has refused every TRO or Writ filed in effort to protect his inalienable rights, while all TRO's filed into any pleading, in any Court against Benshoof, are granted with ease.

**19.** Petitioner hereby moves for the recusal of Judge Jamal Whitehead for the reasons listed above.

    I, Benjamin Blanchard, being duly sworn, do state and according to the law, that I have firsthand knowledge of the undisputed material facts and am competent to testify in these

matters, and swear under penalty of perjury that these facts are true and correct. (See U.S.C 28,1746(1)).

Submitted this 16th day of July, 2024

*S/ Benjamin Blanchard*

Benjamin Blanchard
3201 Anata Dr., Zephyrhills FL, 33541
bennyblanch@protonmail.com
(813) 414-1495 (text only Deaf)

REQUEST FOR JUDGE PRO TEM,
FROM OUTSIDE OF THE ENTIRE DISTRICT

**20.** Petitioner Blanchard has evidenced the reasons above, why there is no impartial Judge left on the Bench in WWDC, considering the breadth of cases filed into its Court by Benshoof.

**21.** On June 18th, Benshoof filed into 9th Appellate Court and was assigned Docket, 2:23-cv-01829-JNW, Benshoof v. United States District Court for the Western District of Washington, Seattle.

**22.** Due to the nature of this filing, Petitioner is left with a sound belief and reasoning, that none of the Judges will be impartial in the WWDC, and hereby move for an impartial Judge Pro Tem assigned from outside Western Washington District Court, to adjucate this Writ of Habeas Corpus filed as a Next Friend, only because Benshoof is denied the most basic materials to draft his own writ.

**23.** Petitioner Blanchard wishes to note the lack of serious concern by the Eastern Washington District Court in protecting a Citizen within the Jurisdiction of the 9th, by

leveling checks and balances upon it's Sister Court, without a review De Novo of the situation and allowing the case to be assigned to Judge Whitehead.

Wherefore the reasons stated, Petitioner Blanchard respectfully moves this Court grant this Motion to Recluse Judge Jamal Whitehead and disqualify *En Banc,* the entire remaining Bench of the Western District Court of Washington to adjucate this Write of Habeas Corpus, to ensure that Justice, Equality, and Liberty are preserved for Benshoof and appoint an *Impartial* Judge, Pro Tem, to view the entire situation, *De Novo*.

**Submitted this 16 day of June 2024**

*/s/ Benjamin Blanchard*

**Benjamin Blanchard**
**3201 Anata Dr,**
**Zephyrhills FL, 33541**
**bennyblanch@protonmail.com**
**813-414-1495**
**(Text only, Deaf)**