UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Kurt Benshoof, | CASE NO. 2:24-mc-43<br><br>ORDER OF DISMISSAL |

Before the Court is a proposed habeas petition filed by purported "next friend" Benjamin Blanchard on behalf of Kurt Benshoof. Dkt. No. 1. According to Blanchard, Benshoof is currently detained at the King County Correctional Facility in Seattle. *Id.* at 2. Blanchard styles his petition as a writ of habeas corpus, but he primarily seeks to transfer Benshoof to federal custody, citing the removal statute at 28 U.S.C. 1443(1)-(2). *Id.* at 9-10. Because Blanchard fails to establish next friend standing, the Court dismisses his petition and strikes all pending motions.

Blanchard, a Florida resident, "discovered Benshoof was jailed on [July 11, 2024]." *Id.* at 2-3. He alleges that he "noticed" Benshoof's Seattle Municipal Court case docket "changed to reflect that the previous charges were dismissed without prejudice, then re-filed on Benshoof [after] his arrest[.]" *Id.* at 3. Blanchard claims to have learned from other friends that the jail denied Benshoof "basic materials" to file a habeas petition, including paper, computers, printers, and writing materials. *Id.* at 5. Blanchard further alleges he cannot afford to bail Benshoof from jail. *Id.* at

ORDER OF DISMISSAL - 1

6. But Blanchard does not explain his relationship to Benshoof, nor does he state whether Benshoof directed him to petition on his behalf. Indeed, it is unclear from the petition whether Benshoof is aware of the filing.[1]

A third party—next friend—may pursue a habeas petition on behalf of a detained person. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or *by someone acting [o]n [their] behalf*."). But "'[n]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159 (9th Cir. 2002) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). A putative next friend must satisfy two elements to establish next friend standing: (1) the petitioner—person being detained—is "unable to litigate [their] own cause due to mental incapacity, lack of access to court, or other similar disability"; and (2) the next friend "has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Id.* at 1160 (quoting *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001)).

Turning to the first prong of the next friend test, Blanchard fails to demonstrate that Benshoof lacks access to the courts. He offers a second-hand account from "friends" that Benshoof has been denied the means to draft his own petition, but Blanchard acknowledges that Benshoof received a "Pro Se packet"

---

[1] Blanchard is not the only person claiming to be Benshoof's "next friend." Tate David Prows filed a proposed habeas petition purportedly acting on Benshoof's behalf. *See Benshoof v. Warden*, No. 2:24-cv-1110-JNW-SKV (W.D. Wash. Jul. 17, 2024).

ORDER OF DISMISSAL - 2

indicating that he would have access to computers, printers or writing materials. Blanchard also reports that Benshoof has been "assigned Counsel," even if it is allegedly against his will, which shows that Benshoof has not been locked out of the courts. And Blanchard gives no cause to doubt Benshoof's mental capacity.

The Court need not determine the precise contours of the access requirement, however, because Blanchard does not establish any kind of significant relationship with Benshoof. He provides no details about how they know each other or whether Benshoof is even aware of his efforts. As a result, the Court has no assurances that Blanchard knows or is truly dedicated to Benshoof's best interests. Under the circumstances, Blanchard lacks the requisite standing to pursue this case on Benshoof's behalf. Therefore, Blanchard cannot serve as Benshoof's next friend.

Accordingly, the Court DISMISSES Blanchard's petition, Dkt. No. 1, and STRIKES the remaining pending motions, Dkt. Nos. 4, 7, 9, because it lacks jurisdiction over this case. The Court directs the Clerk to close this case.

Dated this 30th day of August, 2024.

Jamal N. Whitehead
United States District Judge